UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE CLAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-06789-AS<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY TO CLASS ACTION COMPLAINT**

Defendant Liberty Mutual Insurance Company ("Liberty" or "Defendant") hereby responds to the Complaint (the "Complaint") filed by Plaintiff Jacqueline Clay ("Clay" or "Plaintiff") on behalf of herself and all others similarly situated, as follows, and denies each and every allegation not expressly admitted herein:

1. The allegations set forth in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, Liberty specifically denies the allegations set forth in Paragraph 1, but states that Plaintiff purports to bring this lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## NATURE OF THE ACTION[1]

2. The allegations set forth in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Liberty specifically denies the allegations set

[1] The headings used herein shall not be construed as admissions to any facts or claims alleged in Plaintiff's Complaint; rather, the headings used herein mirror those used in the Complaint for organizational purposes only.

forth in Paragraph 2, but states that Plaintiff purports to bring this lawsuit as a putative class action pursuant to the TCPA.

3. Admitted.

4. Denied.

5. The allegations set forth in Paragraph 5 of the Complaint set forth Plaintiff's demand for relief to which no response is required. To the extent a response is required, Liberty denies the allegations set forth in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. The allegations set forth in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Liberty specifically denies that Plaintiff has Article III standing or prudential standing to bring her claims against Liberty. Liberty specifically denies that the Court has personal jurisdiction to adjudicate Plaintiff's class allegations against Liberty.

7. The allegations set forth in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, Liberty denies the allegations contained in Paragraph 7 of the Complaint and specifically denies that it engaged in tortious conduct.

**PARTIES**

8. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admitted.

11. The allegations set forth in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty admits the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 states the definition of a term that Plaintiff incorporates in the Complaint, to which no response is required.

**FACTS**

13. Admitted.

14. Liberty states that the texts at issue in Paragraph 14 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

15. Liberty states that the calls at issue in Paragraph 15 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

16. Liberty states that the prerecorded message at issue in Paragraph 16 of the Complaint, to the extent it exists, speaks for itself and Liberty denies any and all allegations inconsistent therewith.

17. Liberty states that the transcript at issue in Paragraph 17 of the Complaint, to the extent it exists, speaks for itself and Liberty denies any and all allegations inconsistent therewith.

18. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint. Liberty states that the call at issue speaks for itself and Liberty denies any and all allegations inconsistent therewith.

19. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 19 of the Complaint. Liberty states that the voicemail at issue speaks for itself and Liberty denies any and all allegations inconsistent

therewith. Liberty states that the remaining allegations contained in Paragraph 19 of the Complaint state legal conclusions to which no response is required.

20. Liberty states that the text messages and voicemail at issue in Paragraph 20 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

21. The allegations contained in Paragraph 21 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the text messages and voicemail at issue in Paragraph 21 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

22. The text messages and voicemail at issue in Paragraph 22 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

23. The allegations contained in Paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the text messages and voicemail at issue in Paragraph 23 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith. Liberty denies that it violated the TCPA.

24. The allegations contained in Paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the text messages and voicemail at issue in Paragraph 24 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

25. Denied.

26. Denied.

27. The allegations contained in Paragraph 27 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint.

28. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the document referred to in Paragraph 31 of the Complaint speaks for itself and Liberty denies any allegations inconsistent therewith.

32. The text messages and calls at issue in Paragraph 32 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith.

33. The text messages and voicemail at issue in Paragraph 33 of the Complaint, to the extent they exist, speak for themselves and Liberty denies any and all allegations inconsistent therewith. To the extent a response is required, Liberty denies the allegations contained in Paragraph 33 of the Complaint.

34. Denied.

35. The message at issue in Paragraph 35 of the Complaint, to the extent it exists, speaks for itself and Liberty denies any and all allegations inconsistent therewith. To the extent a response is required, Liberty denies the allegations contained in Paragraph 35 of the Complaint.

36. Denied.

## CLASS ALLEGATIONS

37. The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty denies the allegations contained in Paragraph 37, except states that Plaintiff purports to bring this lawsuit as a putative class action. Liberty specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

38. The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty denies the allegations contained in Paragraph 37, except states that Plaintiff purports to bring this lawsuit as a putative class action. Liberty specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

39. Denied.

40. Denied.

41. Denied.

42. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

e. Denied.

f. Denied.

g. Denied.

h. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

48. Liberty repeats and incorporates all of its responses contained in Paragraphs 1 through 47 set forth above as if fully set forth herein.

49. The allegations contained in Paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the document referred to in Paragraph 49 of the Complaint speaks for itself and Liberty denies any allegations inconsistent therewith.

50. The allegations contained in Paragraph 50 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the document referred to in Paragraph 50 of the Complaint speaks for itself and Liberty denies any allegations inconsistent therewith.

51. The allegations contained in Paragraph 51 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the

document referred to in Paragraph 51 of the Complaint speaks for itself and Liberty denies any allegations inconsistent therewith.

52. The allegations contained in Paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Liberty states that the document referred to in Paragraph 52 of the Complaint speaks for itself and Liberty denies any allegations inconsistent therewith.

53. Denied.

54. Denied.

55. Denied.

**COUNT II**
**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

56. Liberty repeats and incorporates all of its responses contained in Paragraphs 1 through 55 set forth above as if fully set forth herein.

57. The allegations contained in Paragraph 57 of the Complaint state legal conclusions to which no response is required.

58. Liberty lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

The allegations contained in the "WHEREFORE" clause following Paragraph 63 of the Complaint set forth the Plaintiff's demand for relief to which no response is required. To the extent a response is required, Liberty denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause following Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff has not sustained any damages caused by Liberty.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### *THIRD AFFIRMATIVE DEFENSE*

Liberty denies any allegations not specifically admitted herein and specifically denies that it violated any applicable law.

### *FOURTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of laches.

### *FIFTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, estoppel, and waiver.

### *SIXTH AFFIRMATIVE DEFENSE*

Plaintiff is barred from relief because, to the extent she has suffered any harm or damages, such harm or damages were the result of her own conduct or conduct otherwise not attributable to Liberty.

### *SEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's Complaint is barred by the doctrine of unclean hands.

***EIGHTH AFFIRMATIVE DEFENSE***

Plaintiff is not entitled to any actual or statutory damages under the TCPA.

***NINTH AFFIRMATIVE DEFENSE***

Plaintiff's claim for multiple damages under the TCPA is barred because Liberty did not violate the TCPA and did not commit any knowing or willful conduct.

***TENTH AFFIRMATIVE DEFENSE***

Plaintiff's claims are barred because she or someone acting on her behalf provided valid prior express consent, invitation, or permission to be contacted by Liberty.

***ELEVENTH AFFIRMATIVE DEFENSE***

Plaintiff's claims are barred because Liberty reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission to be contacted by Liberty.

***TWELFTH AFFIRMATIVE DEFENSE***

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring her claims against Liberty.

***THIRTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission to be contacted by Liberty.

***FOURTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations for multiple damages under the TCPA are barred because Liberty did not violate the TCPA and did not commit any knowing or willful conduct.

***FIFTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations fail to satisfy any of the express or implied requirements of Federal Rules of Civil Procedure 23(a) and (b).

***SIXTEENTH AFFIRMATIVE DEFENSE***

Plaintiff fails to state a claim upon which relief may be granted on behalf of herself and any of the alleged class members.

***SEVENTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

***EIGHTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

***NINETEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because Liberty reasonably relied on the good faith belief that Plaintiff and the alleged class members had given valid prior express consent, invitation, or permission to be contacted by Liberty.

***TWENTIETH AFFIRMATIVE DEFENSE***

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

***TWENTY-FIRST AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by Liberty.

***TWENTY-SECOND AFFIRMATIVE DEFENSE***

To the extent Plaintiff claims her prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty.

***TWENTY-THIRD AFFIRMATIVE DEFENSE***

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty.

***TWENTY-FOURTH AFFIRMATIVE DEFENSE***

Plaintiff's and any alleged class members' damages, if any, are capped by what is permitted by statute under the TCPA only.

***TWENTY-FIFTH AFFIRMATIVE DEFENSE***

Venue is not proper in this Court for Plaintiff's class allegations.

***TWENTY-SIXTH AFFIRMATIVE DEFENSE***

Plaintiff's individual and class claims are not properly before this Court to the extent that any such claim is subject to binding arbitration pursuant to any applicable, valid, and enforceable arbitration agreement.

***TWENTY-SEVENTH AFFIRMATIVE DEFENSE***

Some or all of Plaintiff's claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by a failure to mitigate damages or minimize any alleged loss.

***TWENTY-EIGHTH AFFIRMATIVE DEFENSE***

Without admitting any of the allegations in the Complaint, Liberty is not vicariously liable for any of the alleged texts or calls to Plaintiff or the putative class members under any applicable theory of liability.

### *TWENTY-NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because she or someone acting on her behalf had an "established business relationship" with Liberty, rendering any alleged communications outside the prohibitory scope of the TCPA and its implementing regulations.

### *THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because each alleged class member had an "established business relationship" with Liberty, rendering any alleged communications outside the prohibitory scope of the TCPA and its implementing regulations.

### *THIRTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's individual and class claims are barred because Liberty neither made nor initiated any alleged calls to Plaintiff or the proposed class members using an artificial or prerecorded voice.

### *THIRTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's individual and class claims are barred to the extent that any allegedly offending calls received by Plaintiff or the putative class were made either (a) to a reassigned telephone number and/or (b) to a called party that was not the intended recipient of the at-issue communications.

### *THIRTY-THIRD AFFIRMATIVE DEFENSE*

Liberty has a bona fide error defense because Liberty has established and implemented, with due care, reasonable policies, practices, and procedures to effectively prevent telephone solicitations in violation of the TCPA and its regulations, including to prevent telephone solicitations in violation of the do-not-call registry, despite any alleged violations of the rules concerning the do-not-call registry.

***THIRTY-FOURTH AFFIRMATIVE DEFENSE***

Liberty may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings, the fact that no class has been certified, and as discovery has not yet begun. Accordingly, Liberty reserves the right to supplement or amend the foregoing and assert additional affirmative defenses as to Plaintiff's claims and the class allegations, including once discovery concludes.

## JURY DEMAND

Liberty demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Liberty prays and respectfully requests that the Court enter judgment as follows:

1. DISMISSING Plaintiff's Complaint, inclusive of both the individual and class allegations, be dismissed in its entirety and with prejudice the Counterclaim in its entirety with prejudice;

2. GRANTING Liberty fees, costs and expenses (including reasonable attorneys' fees) of this action; and

3. GRANTING Liberty such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
NELSON MULLINS RILEY & SCARBOROUGH LLP

Dated: October 24, 2025

/s/ *Alan F Kaufman*

Alan F. Kaufman
330 Madison Avenue, 27th Floor
New York, NY 10017
Telephone: (212) 413-9000
Email: alan.kaufman@nelsonmullins.com

Kevin P. Polansky
(*Pro Hac Vice Motion forthcoming*)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Telephone: (617) 217-4700
Email: kevin.polansky@nelsonmullins.com